# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| LAURA MITCHELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 18 CV 735 |
| v. | ) |
| | ) Magistrate Judge Jeffrey Cummings |
| NANCY BERRYHILL, Acting | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Jeffrey Cummings, United States Magistrate Judge:

Plaintiff Laura Mitchell's motion for attorney's fees under the Equal Access to Justice Act [23] is granted in part. For the reasons set forth below, the Court awards $$8,952.34 in fees and costs.

### I. Procedural History and Legal Standard

On January 31, 2018, plaintiff Laura Mitchell ("Mitchell") filed this action challenging the decision of the Administrative Law Judge ("ALJ") denying her claim for disability benefits. On August 20, 2018, defendant Nancy Berryhill, Acting Commissioner of Social Security, ("the Commissioner") filed an agreed motion to remand the case, and the Court entered the agreed order. (Dkt. 20.) Mitchell now seeks to recover her attorney's fees and costs in the amount of $9,683.21[1], pursuant to the Equal Access to Justice Reform Act ("EAJA"), 28 U.S.C. § 2412(d).

---

[1] In her opening brief, Mitchell requests an award in the amount of $8,588.77. In her reply brief, she includes fees for the 5.5 hours spent preparing the EAJA petition and reply.

Under the EAJA, a party who prevails against the United States in a civil action is entitled to an award of reasonable attorney's fees and other expenses accrued in the process of the litigation. *Trump v. Colvin,* No. 12 CV 6194, 2015 WL 970111, at *1 (N.D. Ill. Mar. 2, 2015). A plaintiff is eligible to recover attorney's fees if: (1) he is the prevailing party; (2) the government's position was not substantially justified; (3) no special circumstances make an award unjust; and (4) he filed a timely and complete fee application. 28 U.S.C. § 2412(d)(1)(A).

Mitchell argues that she is entitled to fees and costs because the Commissioner's position was not substantially justified. She also argues that she is entitled to recover attorney's fees above the statutory rate of $125 per hour because of an increase in the cost of living and based on the 2018 Consumer Price Index ("CPI") rate of $198.99. The Commissioner does not dispute that its position was not substantially justified. Nor does the Commissioner assert that there are any special circumstances that would render an award of fees unjust in this case. Nonetheless, the Commissioner argues that Mitchell's proposed hourly rate is too high and that the number of attorney hours spent on her case is excessive. The Commissioner, therefore, asserts that Mitchell should receive a more modest fee award of $6,746.64.

## II. Analysis

### a. Hourly Rate

Pursuant to the EAJA, an award of attorney's fees "shall be based upon the prevailing market rates for the kind and quality of services furnished, except that...attorney fees shall not be awarded in excess of $125.00 per hour unless the court determines that an increase in the cost of living...justifies a higher fee." 28 U.S.C. § 2412(d)(1)(A)(ii). The EAJA compensation arrangement was last modified in 1996, when Congress set the current $125 maximum hourly rate. The Seventh Circuit has determined that "given the passage of time since the establishment

of the [$125] hourly rate, a cost-of-living adjustment is warranted." *Trump*, 2015 WL 970111, at *2 (citing *Tchemkow v. Mukasey*, 517 F.3d 506, 512 (7th Cir. 2008)).

The Seventh Circuit has since clarified the appropriate means for calculating the cost-of-living adjustment for EAJA petitions. In *Sprinkle v. Colvin,* 777 F.3d 421 (7th Cir. 2015), the Court determined that the Consumer Price Index ("CPI") is sufficient "proof of an increase in the cost of living" and the court "should generally award the inflation- adjusted rate according to the CPI, using the date on which the legal services were performed." *Trump*, 2015 WL 970111, at *2 (citing *Sprinkle*, 777 F.3d at 423). The *Sprinkle* decision does not necessarily create an automatic entitlement to a fee enhancement. Instead, in order to justify a higher rate, "claimants must still produce satisfactory evidence that the rate they request is in line with those prevailing in the community for similar services by lawyers of comparable skill and experience." *Sprinkle,* 777 F.3d at 428. Moreover, "courts may not award claimants inflation-adjusted rates that are higher than prevailing market rates." *Trump,* 2015 WL 970111, at *3; *see also Sprinkle*, 777 F.3d at 429 ("to avoid the possibility of a 'windfall,' courts may not award an inflation-adjusted rate that is higher than the prevailing market rate in the community for comparable legal services").

Here, Mitchell seeks to recover fees based on an hourly rate of $198.99.[2] This amount was based on the national CPI, rather than the regional CPI. Plaintiff contends that the national rate listed in the Consumer Price Index provides a general and readily available measure of inflation as well as proof that the requested rate is not in excess of the prevailing market rate, which is established in the affidavit plaintiff has attached to her motion. The Commissioner argues that the Chicago consumer price index should apply because it more accurately reflects

---

[2] Mitchell also seeks to recover fees for the .8 paralegal time at an hourly rate of $90.00.

3

the inflation in Palatine, Illinois. Without providing any specifics as to where the number was derived, the Commissioner argues that the hourly rate should be $191.80.

In *Sprinkle*, the Seventh Circuit left it to the court's discretion whether to use the national or the regional CPI rate when calculating the inflation-adjusted hourly rate. 777 F.3d at n.2. ("We ...leave to the discretion of the district courts whether to adopt the national or regional index in specific cases."). District courts have utilized the regional index in a number of decisions in this Circuit since the *Sprinkle* decision was issued. *See, e.g., Trump*, 2015 WL 970111, at *3 and n.3 ("This case was filed in the Chicago metropolitan area. The Court finds it appropriate to calculate claimant's attorney's fees using the Chicago-Gary-Kenosha regional CPI-U."); *Adams v. Colvin*, No. 14 CV 1680, 2015 WL 1780144, at *2 (N.D. Ind. Apr. 20, 2015) (utilizing the Midwest urban region CPI); *Vasquez v. Colvin*, No. 13 CV 6222, 2016 WL 68700, *2 (N.D. Ill. Feb. 19, 2016).

This Court agrees that the regional CPI index is the appropriate factor to use when calculating the inflation-adjusted hourly rate. Furthermore, although the Commissioner did not specifically address where she obtained the figure of $191.80 as the hourly rate, the Court further agrees that this is the correct hourly rate for May 2018 (the month when plaintiff's counsel performed most of their work) if the Chicago CPI index is used.[3]

### b. Hours of Work Performed

---

[3] In May 2018, the Chicago CPI (of which this Court can take judicial notice, *see Pickett v. Sheridan Health Care Center,* 664 F.3d 632, 648 (7th Cir. 2011) was 238.910. https://www.bls.gov/regions/midwest/data/consumerpriceindexhistorical_chicago_table.pdf. Under the formula discussed in plaintiff's memorandum, CPI 2018 238.910/ CPI 1996 155.7=1.534. Multiplying 1.534 by $125 yields the hourly rate of $191.80. In the future, the Court advises the Commissioner to provide a more detailed explanation of how it calculates the inflation-adjusted hourly rate it claims should be used so that the next court will not have to do the calculation itself.

According to plaintiff, her counsel worked 48.3 hours on the case before this Court, including work on this motion and reply, and a paralegal worked .8 hours on the case. The Commissioner asks for this Court to reduce the hours by eight hours based on her criticism of (1) plaintiff's June 2, 2018 entry for four hours; and (2) plaintiff's assertion that attorney Freedman billed in full hour increments.

With respect to the June 2, 2018 entry, the Commissioner argues that the entry is inaccurate and inflated because it states that the four hours of work performed was for preparing a table of contents and table of authorities, which were never filed with plaintiff's brief. Plaintiff counters by explaining that the entry was actually billed as "Draft/revise Final draft, table of contents and authorities," and that the billing software used by counsel coded the entry with that language. (Memorandum at Ex. D.) Plaintiff further explains that this entry actually reflects Freedman's work to finalize her memorandum in support of the motion and checking authorities and that the entry does not include any time to prepare a table of contents.

Upon review of the plaintiff's billing entries, the Court notes that other entries with the same ABA Code A103 "Draft/revise" precede this billing entry, yet none included the language "table of contents and authorities." *Id.* Counsel has a duty to provide accurate time records of their given work regardless of their billing software, and this entry is no exception. Had the software automatically included the language regarding the table of contents, counsel should have taken the appropriate measures to edit the entry to accurately identify the work performed on that date. Even if the time entry reflects only work to finalize the memorandum, as plaintiff asserts, the Court finds that the amount of time devoted to this task should be reduced from four hours to two hours. Substantial time was already spent revising the draft on other days such that two hours for final edits to a draft seems more reasonable.

The Commissioner also takes issue with the fact that all of Freedman's entries are in hour increments. According to the Commissioner, "the court may assume that Ms. Freedman rounded each of her eight hourly entries up .5 hours, resulting in a four[-]hour reduction." (Resp. at 2.) However, the Court agrees with plaintiff's position that there is no basis for the Court to make the assumption that the Commissioner suggests, and the Court will not reduce plaintiff's time on this basis. Therefore, following the two-hour reduction to the June 2, 2018 entry, plaintiff is entitled to receive reimbursement for 46.3 hours of attorney work (at a rate of $191.80/hour) and .8 hours of paralegal work (at a rate of $90/hour) for a total of $8,952.34.

### III. Conclusion

For the foregoing reasons, we grant plaintiff's motion for fees under the EAJA in part and award her $8,952.34 in fees incurred in connection with this litigation.

ENTERED:

*[signature: Jeff Cummings]*

**Jeffrey Cummings**
**United States Magistrate Judge**

**Dated: February 21, 2019**